PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE M. CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
QUAIS AMIN

*E-FILED - 11/18/13*

* *Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUAIS AMIN,<br><br>Plaintiff,<br><br>v.<br><br>SJ OMOGARI KOREAN RESTAURANT; JAMES DONLEE TURNER dba SJ OMOGARI KOREAN RESTAURANT; SUNNY LEE TURNER dba SJ OMOGARI KOREAN RESTAURANT; TODD R. FUJINAGA; DEBRA L. MASAMORI; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO. C12-6562 RMW<br><br>Civil Rights<br><br>**COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND ~~[PROPOSED]~~ ORDER** |

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK (Bar No. 083908)
MATTHEW S. KENEFICK (Bar No. 227298)
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Defendants SJ OMOGARI KOREAN RESTAURANT; JAMES DONLEE TURNER dba SJ OMOGARI KOREAN RESTAURANT; SUNNY LEE TURNER dba SJ OMOGARI KOREAN RESTAURANT
RAMSEY LAW GROUP

HUSSEIN SAFFOURI, ESQ. (State Bar No. 177863)
250 Lafayette Circle, Suite 200
Lafayette, CA 94549
Telephone: 925/284-2002
Facsimile: 925/402-8053
hussein@ramseylawgroup.com

Attorneys for Defendants
TODD R. FUJINAGA and
DEBRA L. MASAMORI

1. Plaintiff QUAIS AMIN filed a Complaint in this action on December 28, 2012 to obtain recovery of damages for his alleged discriminatory experiences, denial of access, denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants SJ OMOGARI KOREAN RESTAURANT; JAMES DONLEE TURNER dba SJ OMOGARI KOREAN RESTAURANT; SUNNY LEE TURNER dba SJ OMOGARI KOREAN RESTAURANT; TODD R. FUJINAGA; DEBRA L. MASAMORI (all defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of September 26, 2012 and continuing (the "Action"). Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 et seq. of the California Health & Safety Code by failing to provide full and equal access to their facilities at 154 E. Jackson St., San Jose, California ("Premises").

2. Plaintiff and Defendants (together sometimes the "Parties") and the Released Parties[1] hereby enter into this Settlement Agreement and Order for the purpose of resolving this lawsuit in its entirety without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Settlement Agreement and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the

[1] The "Released Parties" shall collectively include Defendants and their estates, trusts, trustees, executors, administrators, beneficiaries, licensees, lessors, lessees, sub-lessors, sub-lessees, employees, attorneys, agents, officers, directors, managers, members, shareholders, successors, predecessors, parents, subsidiaries, including, without limitation, divisions, affiliates, individuals, insurers and reinsurers.

Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 et seq.; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Settlement Agreement and Order agree to entry of this Settlement Agreement and Order to resolve the Action in its entirety. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law.

WHEREFORE, the Parties to this Settlement Agreement hereby agree and stipulate to the Court's entry of this Order, which provides as follows:

**SETTLEMENT OF ALL CLAIMS:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims in their entirety against Defendants, and each of them, that have arisen out of, or which could have been alleged in, the subject Complaint.

**6. Remedial Work:**

(a) The Parties agree and stipulate that the remedial work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Settlement Agreement and Order.

(b) **Remedial Measures:** The remedial work agreed upon by the Parties is set forth in Attachment A (a draft report by Plaintiff's access consultant, Jonathan Adler) and Attachment B (plans for the proposed restroom remediation or equivalent compliant work). Attachments A and B are attached and incorporated herewith. Defendants represent that they have already completed items A, B of Attachment A in compliance with paragraph 6(a).

(c) **Timing of Injunctive Relief:** Defendants will submit plans for all bathroom remedial work requiring permits to the appropriate governmental agencies by October 31, 2013. Defendants will commence work on said bathroom within 45 days of receiving approval from the appropriate agencies. Defendants will complete all remedial work by June 30, 2014. In the event

that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 5 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional 15 days, either Party may seek specific performance of this Order by the Court as their sole remedy. Defendants or itheir counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than June 30, 2014.

(d) If Defendants fail to provide injunctive relief on the agreed upon timetable, and Plaintiff files a motion with the Court to obtain specific performance of these terms, each of the Parties reserve the right to seek additional attorneys' fees for any non-compliance work necessitated by Defendants' failure to keep this Agreement or Plaintiff's failure to keep this Agreement. If the Parties disagree on the entitlement to, the reasonableness or the amount thereof, such fees shall be set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, COSTS AND RELEASES:**

7. The Parties have agreed to settle Plaintiff's damage claims for the sum total of Fifteen Thousand and No/100s ($15,000.00) Dollars, as well as Plaintiff's claims for attorneys' fees, litigation expenses, and costs in the amount of Thirty-Five Thousand and No/100s ($35,000.00) Dollars ("Settlement Payment") payable within 10 days of the Effective Date of this Agreement (as defined below). The Settlement Payment shall be in the form of a check made payable to the Law Offices of Paul L. Rein, Trust Account, Federal Tax Identification Number _________. Plaintiff's counsel shall also deliver to Mr. Orlick a signed original IRS W9 Form for the Law Offices of Paul L. Rein

(a) In consideration for the Settlement Payment, the terms, conditions, covenants and promises contained within this Agreement, and other valuable consideration, the receipt and sufficiency of which Plaintiff expressly acknowledges, Plaintiff, and those acting on Plaintiff's behalf (including attorneys, heirs, beneficiaries, executors, trustees, administrators, successors, agents and assigns), shall forever release Defendants and the Released Parties from any and all

Claims, including the claims contained in the Action and claims for acts or omissions, currently known or unknown, foreseeable or unforeseeable, alleged, or which could have been alleged, in this and any other court or administrative proceeding relating to the Premises, including, without limitation, any and all damages.

(b) The releases contained in this Agreement expressly exclude the terms and covenants set forth herein, including the Defendants' obligations arising under this Agreement to renovate the Premises as set forth in Attachments A and B.

(c) Examples of Claims released include, but are not limited to, damages of any nature or in any amount whatsoever, statutory damages, physical injuries, emotional or mental injury, pain and suffering, prejudgment interest, compensatory damages, consequential damages, punitive and exemplary damages, insurance and/or reinsurance coverage, benefits, premiums, or medical expenses for treatment Plaintiff may have received, or may receive in the future, attorneys' fees, expert fees, litigation costs and expenses of every kind and in every amount ("Claims"). This list is not exhaustive.

Defendants agree to make or maintain modifications to the Premises as outlined in Attachments A and B such that they are in compliance with the new construction standards set forth in the 2010 Americans with Disabilities Act Standards for Accessible Design and California Code of Regulations, Title 24, Part 2, 2010 California Building Code, and to make these changes within twelve (12) months of the Effective Date of this Agreement, subject to delays due to Force Majeure as defined in Paragraph 8 below ("Modification Period").

8. Force Majeure. The Modification Period shall be extended for periods of time during which Defendants' performance is prevented or delayed due to any circumstances beyond their reasonable control. Such extensions include, without limitation, delays due to strikes, riots, embargoes, governmental action, acts of God, war, or other strife, or the inability to obtain, or governmental delays in obtaining permits or other approvals, regulations or restrictions or any other causes of any kind whatsoever which are beyond Defendants' reasonable control.

/ / /

/ / /

**ENTIRE SETTLEMENT AGREEMENT AND ORDER:**

9. This Settlement Agreement and Order and Attachments A and B constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Settlement Agreement and Order, shall be enforceable regarding the matters described herein.

**SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS- IN-INTEREST:**

10. This Settlement Agreement and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the Parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Settlement Agreement and Order is signed. Except for all obligations required in this Settlement Agreement and Order, the Parties intend that this Settlement Agreement and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Settlement Agreement and Order. Therefore, except for all obligations required in this Settlement Agreement and Order, this Settlement Agreement and Order shall apply to and cover any and all Claims, demands, actions, and causes of action by the Parties to this Settlement Agreement with respect to the lawsuit, or which could have been alleged in the lawsuit, whether the same are known, unknown, foreseeable or unforeseeable, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT**

**TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

12. Except for all obligations required in this Settlement Agreement and Order, each of the Parties to this Settlement Agreement and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, members, subsidiaries, joint venturers, stockholders, partners, parent companies, affiliates, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all Claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, foreseeable or unforeseeable, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this lawsuit and settlement thereof.

**TERM OF THE SETTLEMENT AGREEMENT AND ORDER:**

13. This Settlement Agreement and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Settlement Agreement and Order until July 31, 2014 or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**WARRANTIES:**

14. Capacity of the Parties. Each Party represents and warrants that he/she or it has the full power, capacity, and authority to enter into this Settlement Agreement and Order, and no injunctive relief or damage claim or cause of action relating to the property at issue was assigned to any person who, or entity which is not a Party to this Settlement Agreement and Order. Further settlement agreements are not necessary to complete the settlement of the Claims raised in or which could have been raised in the lawsuit.

15. Binding on Parties. The Parties agree that if the facts upon which this Settlement Agreement and Order are based, are found to be different from the facts now believed to

be true, this Settlement Agreement and Order will nevertheless remain binding and fully effective.

16. Voluntary Action by Parties. The Parties enter into this Settlement Agreement and Order knowingly and voluntarily, in order to avoid the expense and uncertainty of continued litigation.

**DENIAL OF LIABILITY:**

17. Denial of Liability. Defendants, and each of them, deny all allegations contained in, or which could have been contained within the lawsuit. The Parties expressly represent, understand, and assent that this Settlement Agreement and Order is a compromise of disputed claims, and shall not be construed as an admission of liability against Defendants, or any of them. Nor shall any acts, omissions, or statements by the Parties in connection with the lawsuit, negotiating or executing this Settlement Agreement and Order, be construed as an admission of liability. Nothing contained in this Agreement shall be admissible evidence in any judicial, administrative, or other legal proceeding (other than as a defense to any future action as to the property or any proceeding to enforce this Settlement Agreement and Order), except that Exhibits A and B, the fact of alterations, their scope, date and location, shall be admissible.

**GENERAL PROVISIONS:**

18. Entire Agreement. This Agreement constitutes the entire agreement between the Parties hereto with respect to all of the matters discussed herein, and supersedes all prior contemporaneous discussions, communications, or agreements, expressed or implied, written or oral, by or between the Parties.

19. Governing Law. This Agreement shall be interpreted and governed according to the laws of the United States and the State of California.

20. Binding on Successors. The provisions of the Settlement Agreement and Order shall be binding upon, and shall inure to the benefit of the successors, assigns, heirs, trustees, executors, and administrators of the respective Parties.

21. Entitlement to Damage Settlement. Plaintiff and his counsel expressly warrant and represent, and Defendants are relying thereon, that no counsel (other than the Law Offices of Paul L. Rein) or person, other than Plaintiff, is entitled to the Settlement Payment, or any

portion thereof, and if this representation proves to be false, then Plaintiff agrees to indemnify and hold harmless Defendants for their attorneys' fees, expert fees and litigation costs incurred in defending the claim(s) of any third-party making a claim to any portion of the Settlement Payments, including those amounts incurred by Defendants in connection with enforcing this provision.

22. No Amendment Without a Writing. The Parties agree this Settlement Agreement and Order shall not be amended, unless that amendment is made in writing and signed by each Party.

23. Waiver. The waiver of a breach of this Settlement Agreement and Order shall not be construed as a waiver of any subsequent breach.

24. Severability. If any provision of this Settlement Agreement and Order is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable for any reason, in whole or in part, the remaining portions of this Settlement Agreement and Order will nevertheless continue with full force and effect, and the Parties agree a court of competent jurisdiction will have jurisdiction to reform such provision(s) to the extent necessary to cause it to give maximum legal effect to the intention of the Parties as expressed herein and the Parties agree to be bound by such reformation.

25. Effective Date. This Settlement Agreement and Order shall become effective and enforceable on the date executed by Plaintiff and delivered to each of Defendants' counsel of record in the lawsuit.

26. Cooperation. Each Party, without further consideration, and upon request of any other Party, agrees to execute and deliver such other documents and to take such other action as may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement and Order.

27. Counterparts and Delivery of Signatures by Facsimile or PDF. This Settlement Agreement and Order may be executed in counterparts, which, when counterparts have been executed by all of the Parties, shall constitute this Settlement Agreement and Order. This Settlement Agreement and Order may also be signed and delivered via facsimile transmission, or electronically via PDF and such facsimile or PDF documents shall be deemed originals and binding

upon the signatories upon receipt by the party to whom the facsimile or other electronic transmission is sent. The "hard copies" of such documents bearing the original signatures of such signatories shall be sent via first class mail on the same day as the facsimile or other electronic transmission.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

IN WITNESS THEREOF, the Parties have executed this Settlement Agreement and Order as of the dates specified below.

Dated: Sept 22, 2013

PLAINTIFF QUAIS AMIN

QUAIS AMIN, an individual

Dated: Sept 19, 2013

DEFENDANT SJ OMOGARI KOREAN RESTAURANT

By: __________

Print name: James Turner

Title: Owner

Dated: Sept 19, 2013

DEFENDANT JAMES DONLEE TURNER dba SJ OMOGARI KOREAN RESTAURANT

JAMES DONLEE TURNER, an individual

Dated: Sept 19, 2013

DEFENDANT SUNNY LEE TURNER dba SJ OMOGARI KOREAN RESTAURANT

SUNNY LEE TURNER, an individual

Dated: Sept 26, 2013

DEFENDANT TODD R. FUJINAGA

TODD R. FUJINAGA, an individual

Dated: Sept 26, 2013

DEFENDANT DEBRA L. MASAMORI

DEBRA L. MASAMORI, an individual

APPROVED AS TO FORM:

Dated: September 23, 2013

LAW OFFICES OF PAUL L. REIN

By: [signature]
Celia McGuinness, Esq.
Attorney for Plaintiff
QUAIS AMIN

Dated: October 7, 2013

JEFFER MANGELS BUTLER & MITCHELL LLP

By: [signature]
Martin H. Orlick, Esq.
Attorneys for Defendants
SJ OMOGARI KOREAN RESTAURANT; JAMES DONLEE TURNER DBA SJ OMOGARI KOREAN RESTAURANT; SUNNY LEE TURNER DBA SJ OMOGARI KOREAN RESTAURANT

Dated: September 27, 2013

RAMSEY LAW GROUP

By: [signature]
Hussein Saffouri, Esq.
Attorneys for Defendants
TODD R. FUJINAGA and DEBRA L. MASAMORI

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 11/18, 2013

Ronald M. Whyte
Honorable Ronald M. Whyte
United States District Court Judge